[No. 3497–II.   Division Two.   January 18, 1980.]

THE CITY OF PORT ANGELES, *Respondent,* v. DOUGLAS LYNN HADSELL, *Appellant.*

·Brian P. Coughenour, for appellant.

C. T. Walrath, City Attorney, and Nathan G. Richardson, Assistant, for respondent.

PEARSON, J.—Defendant Douglas Hadsell appeals from his conviction of conducting a business without a license, in violation of a Port Angeles city ordinance. He contends on appeal that the city unconstitutionally delegated its licensing authority to a private organization, resulting in the denial of a license to defendant. We hold that defendant failed to make a reasonable effort to obtain licensing; hence we affirm without reaching the delegation issue.

On December 22, 1975, the Port Angeles Arts in Action organization requested the use of Laurel Street for their yearly Art Fair. On January 6, 1976, the Port Angeles City Council approved the plan to locate fair booths on that street for July 17 and 18, 1976. The council made no statement of the standards to be applied in granting permission to those who wished to take part in the fair and sell their arts and crafts. The Art Fair and certain interested merchants then set up a screening committee to control the type of applicants and quality of entries allowed in the fair. The maximum number of entrants was set at 85, and entrants were to be monitored continuously during the 2–day fair.

Some weeks prior to the Art Fair, defendant went to the Port Angeles city hall and requested a peddler's license for

the days of the fair, July 17 and 18. He was informed by city employees that permits would not be granted that day by the city and that the Arts in Action committee had authority over any peddling on Port Angeles streets. The evening before the Art Fair, defendant telephoned Les Roline, Arts in Action chairman, and requested a booth for his hand–carved items of stone. Mr. Roline refused the request. On the day of the fair, defendant set up a booth for his stone crafts directly in front of the Port Angeles Savings & Loan building. An officer approached defendant after having been informed that he was selling his crafts without the permission of the Arts in Action organization, and asked defendant to remove them. When defendant refused, he was arrested and charged with conducting a business without a license and obstructing an officer. After trial on September 13, the latter charge was dismissed, and defendant was found guilty of conducting a business without a license. Upon appealing to the Superior Court, the defendant was again found guilty on the same charge.

Port Angeles city ordinance 673 provides in part:

That the following persons are hereby declared to be disorderly persons:

. . .

8. *Conducting Business Without License.* Any person who shall carry on or conduct any business, trade or occupation, within the city limits of the City of Port Angeles, for which a license is required, without the license fee having been paid therefor, and to use or permit the use of any license for any purpose other than that for which it is issued, or by any other person, place, vehicle or business.

Additionally, the city code of Port Angeles, section 5.72.020, states:

*Peddler's License Required.* It is unlawful for any person to peddle any article or thing in the City or conduct himself as a peddler without first procuring a license so to do, known as a peddler's license. Each peddler's license shall specify arts or things to be peddled and the period of time for which the license is issued.

■ Defendant does not dispute the fact that the foregoing ordinance sections are valid on their face. He attacks the constitutionality of their enforcement by the city on the basis that "city employees" wrongly denied him a license and referred him to a private organization. It appears from the record that defendant did not obtain the names of such employees or ascertain their authority over licensing. Instead of formally applying to a higher authority for licensing, or pursuing his administrative remedies upon refusal, defendant simply accepted an unidentified employee's oral representation as the city's denial of licensing. An analogous situation arose in *Rosen v. Tacoma,* 24 Wn. App. 735, 603 P.2d 846 (1979), where the former owners of an apartment building sued the city for alleged arbitrary and capricious action in originally refusing to approve their plan for repairing the building, when the same plan was later approved as submitted by the new owners with proper documentation. There we held that the original refusal was not an action upon which a reasonable property owner was entitled to rely and treat as a final action on the part of the city, because no formal application had been made. *See also King v. Seattle,* 84 Wn.2d 239, 525 P.2d 228 (1974).

In the present case, there was no formal application by defendant and no evidence that the employees with whom he spoke were authorized by the city to take final action on licensing applications.[1] As in the tort context, if a sovereign has not granted authority to an agent, it cannot be said that the sovereign has voluntarily assumed liability for the agent's misfeasance, nonfeasance or negligence. *See Riddoch v. State,* 68 Wash. 329, 123 P. 450, 42 L.R.A. (n.s.)

---

[1]We distinguish the present case from *Rogers v. Toppenish,* 23 Wn. App. 554, 596 P.2d 1096 (1979), in which Division Three held a municipality liable for the representations of its city building inspector, whose job *specifically* included administration of zoning ordinances, concerning whether an apartment could be built on the plaintiff's property, and upon which the plaintiff detrimentally relied.

251 (1912);[2] *cited in Bergh v. State,* 21 Wn. App. 393, 400, 585 P.2d 805 (1978).

Since the peddler's licensing ordinance is valid on its face, and since defendant chose to intentionally violate it rather than exhaust his administrative remedies to obtain a license, we affirm.

REED, C.J., and PETRIE, J., concur.

---

[2]Questioned on other grounds in *Kelso v. Tacoma,* 63 Wn.2d 913, 916, 390 P.2d 2 (1964).